**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK LEE HARTZOG,

Defendant-Appellant.

No. 09-6286

(W.D. Oklahoma)

(D.C. No. 5:08-CR-00318-D-1)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **PORFILIO**, and **BRORBY**, Circuit Judges.[**]

Mark Lee Hartzog pleaded guilty to knowingly failing to register and

update his sex offender registration after traveling in interstate commerce, a

violation of 18 U.S.C. § 2250(a). He preserved his right to challenge the district

court's denial of his motion to dismiss the indictment. In that motion, he argued

that the § 2250(a) charge violated (1) the Ex Post Facto Clause of the United

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

States Constitution, and (2) his due process rights. Because this court has previously addressed and rejected these challenges, we affirm the district court's denial of Mr. Hartzog's motion to dismiss the indictment.

## I. BACKGROUND

Congress enacted the Sex Offender and Registration Notification Act (SORNA) on July 27, 2006, as part of the Adam Walsh Child Protection and Safety Act of 2006. SORNA is codified at 42 U.S.C. § 16901 and 18 U.S.C. § 2250. The statute's stated purpose is "to protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901. It "establishes a comprehensive national system for the registration of those offenders."

Under SORNA,

> [a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

42 U.S.C. § 16913(a).

The statute also prescribes the requirements for initial registration after a conviction, including applicable deadlines. 42 U.S.C. § 16913(b). It specifies the actions that must be taken by the convicted offender to keep his registration current:

> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

42 U.S.C. § 16913(c).

Although SORNA's effective date was July 27, 2006, the law contains a provision that authorizes the Attorney General of the United States to determine its applicability to sex offenders convicted prior to that date. *See* 42 U.S.C. § 16913(d). On February 28, 2007, the Attorney General issued an Interim Rule stating that SORNA's registration requirements apply to sex offenders convicted prior to July 27, 2006. 28 C.F.R. § 72.3; *see also* Applicability of the Sex Offender Registration and Notification Act, 72 Fed. Reg. 8894-95 (Feb. 28, 2007).

A convicted offender who fails to comply with the SORNA registration requirements is subject to federal prosecution under 18 U.S.C. § 2250. The statute provides in relevant part that a convicted sex offender who "travels in interstate or foreign commerce . . . and knowingly fails to register or update a registration as required by [SORNA] shall be fined under this title or imprisoned not more than 10 years, or both." 18 U.S.C. § 2250(a)(2)(B) and (a)(3).

## II. DISCUSSION

Mr. Hartzog maintains that his prosecution under SORNA's failure-to-register provisions violates the Ex Post Facto Clause because his underlying conviction for a sexual offense occurred prior to SORNA's July 27, 2006, enactment and because Congress's intent in passing SORNA was penal rather than regulatory. Aplt's Br. at 9, 11-12. He also contends that his SORNA conviction violates his due process rights because he lacked notice that his conduct violated SORNA and therefore could not knowingly have failed to register as a sex offender. As Mr. Hartzog acknowledges, these arguments are foreclosed by circuit precedent.

As to his Ex Post Facto challenge, this court has held that "neither SORNA's registration requirements nor the criminal penalties attached to non-compliance in § 2250 violate the Ex Post Facto Clause." *See United States v. Hinckley*, 550 F.3d 926, 936 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2383 (2009); *see also United States v. Lawrance*, 548 F.3d 1329, 1336 (10th Cir. 2008) (same). That holding defeats Mr. Hartzog's Ex Post Facto claim.[1]

---

[1] In its recent decision in *Carr v. United States*, No. 08-1301, --- S.Ct. ----, 2010 WL 2160783 (June 1, 2010), the United States Supreme Court held that § 2250 of SORNA does not apply to sex offenders whose interstate travel occurred prior to SORNA's effective date. Here, Mr. Hartzog does not contest the government's allegation that he traveled from Oklahoma to Florida in 2008, after SORNA's effective date. Thus, *Carr* is not applicable.

As to the due process challenge, Mr. Hartzog does not argue that he lacked notice of his obligation to register as a sex offender under Oklahoma law. *See* Aplt's Br. at 15 (acknowledging that "[Mr. Hartzog] may have signed notices of the requirement to register under state law"); Rec. vol. 2, ¶ 5, at 3 (stating that "[Mr. Hartzog] first registered with the [Oklahoma Department of Corrections] on March 21, 2003[;]" that "[h]e registered with the Oklahoma City Police Department on March 26, 2003[;]" and that he "signed a notice of duty to register on March 26, 2003") (presentence report, filed Jan. 6, 2010) (internal quotation marks omitted). We have followed "the majority of courts [that] have concluded that notice of a defendant's obligations under state law is sufficient to satisfy the Due Process Clause's requirements. *Hinckley*, 550 F.3d at 938. Accordingly, Mr. Hartzog's due process claim must also fail.

### III. CONCLUSION

We AFFIRM the denial of Mr. Hartzog's motion to dismiss the indictment.


Entered for the Court,



Robert H. Henry
Circuit Judge